UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA JEAN WEILAND,

        Plaintiff,                   Civil Case No. 19-12342
                                                Honorable Linda V. Parker

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff filed this action on August 7, 2019, challenging Defendant's final decision denying Plaintiff's application for benefits under the Social Security Act. On January 15, 2020, the Court received a communication from Plaintiff, stating "I Melissa Weiland would like to Stip the order to withdraw my case for disability because [t]here is no new evidence in this matter." (ECF No. 17.) The Court construes Plaintiff's communication as a request to voluntarily dismiss her lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(2).

Rule 41(a)(2) requires a plaintiff to seek an order of the court or stipulation of the opposing party to voluntarily dismiss an action where, as is the case here, the opposing party has filed an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(2). The court may grant the request for voluntary dismissal "on terms that the court considers proper." *Id.* The decision whether to dismiss a complaint

under Rule 41(a)(2) lies within the sound discretion of the court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). In the context of Rule 41(a)(2), an "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted). When deciding whether the defendant will suffer "plain legal prejudice," the Sixth Circuit has instructed courts to consider such factors as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718 (citation omitted).

Under the circumstances of this case, the Court concludes that it should grant Plaintiff's request to dismiss this action. Defendant has not filed a summary judgment motion and this is not the type of action requiring trial preparation. There has been no delay or lack of diligence on the part of Plaintiff in prosecuting the action. Plaintiff's desire to no longer challenge Defendant's administrative decision is not an insufficient explanation for seeking a dismissal.

Accordingly,

**IT IS ORDERED** that Plaintiff's request to voluntarily dismiss this lawsuit is **GRANTED** and her Complaint is **DISMISSED**.

**IT IS SO ORDERED**.

                                                  s/ Linda V. Parker  
                                                  LINDA V. PARKER  
                                                  U.S. DISTRICT JUDGE

Dated: October 14, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 14, 2020, by electronic and/or U.S. First Class mail.

                                                  s/ R. Loury  
                                                  Case Manager